UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOHN and SHELLY MACLEAN,                          No. 04-12764

                       Debtor(s).
_____/

Second Memorandum on Objections to Homestead Exemption
_____

       Chapter 7 debtors John and Shelly MacLean have claimed their home at 59 Mercury Drive, Tiburon, California, as exempt pursuant to California Code of Civil Procedure § 704.730. Creditor Elaine Sichel, joined by the Chapter 7 trustee, objects.

       Although the property was duly scheduled, the MacLeans were not the record title holders when they filed their bankruptcy petition. The MacLeans had deeded the property to John's parents before filing their bankruptcy petition, although the MacLeans continued to live in the property and make the monthly payments. The sole purpose of the transfer was to facilitate refinance of the property, as the debtors' credit rating was too poor to allow them to refinance.

       The MacLeans were not successful in refinancing, but did not ask John's parents to reconvey title. After bankruptcy, the parents listed the property for sale and attempted to sell it. The Trustee recovered the property for the estate pursuant to a compromise he reached with the parents which allowed him to sell the property free and clear of their claims.

       The MacLeans argue that the transfer to John's parents was all a big mistake, but there is no evidence of this. This story is belied by John's own declaration, dated January 18, 2005, in which he stated unequivocally that "for purposes of refinancing we placed my parents on title." In it, he made no mention of any mistake. Also, his parents attempted to sell the property, resisted the Trustee's attempts

1

to recover it for the estate and never recorded a Notice of Nonacceptance as provided by California Civil Code § 1058.5.[1]

The transfer to John's parents was a voluntary fraudulent transfer. The property was recovered for the estate by the actions of the Trustee. Accordingly, the MacLeans are barred by § 522(g) of the Bankruptcy Code from exempting the property. The objections to their homestead exemption must accordingly be sustained. Counsel for Sichel shall submit an appropriate form of order.[2]

Dated: May 5, 2006

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] The court struck a later declaration of John MacLean because he failed to appear for cross-examination.

[2] The MacLeans argue that Sichel and the Trustee are judicially estopped from denying that the deed to the parents was recorded by mistake because the Trustee had not contested this assertion in a prior adversary proceeding (No. 05-1031) by him against the MacLeans. The court rejects this argument for several reasons. First, Sichel was not a party to that adversary proceeding and it is unfair to bind her to the Trustee's position in that case, notwithstanding her agreement to allow the Trustee a surcharge of her lien. Second, for judicial estoppel to apply the party being charged must have *benefitted* from having taken the initial position. See *In re Cheng*, 308 B.R. 448, 452-53 (9th Cir. BAP 2004). In the prior case, the Trustee made *concessions* which weakened his case, in essence waiving the argument that the parents' deed of trust had merged with record title.

The court feels in no way victimized by the conduct of the Trustee, and court victimization is at the core of judicial estoppel. See Klein et al., "Principles of Preclusion and Estoppel in Bankruptcy Cases," 79 Am.Bankr.L.J. 839, 865 (2005). The court also notes that the trial in the adversary proceeding went forward after the court balked at the terms of a settlement of the case and that the court treated the matter of the "big mistake" deed as a tacit stipulation, not a true fact.

Through misplaced cleverness, counsel for the MacLeans has been trying to manipulate the court into a situation where issue preclusion, claim preclusion or estoppel prevents the court from finding the true fact that his clients voluntarily transferred their home to John's parents. The court declines to be so manipulated, and finds that none of these doctrines prevents it from adjudicating this matter on the merits.